UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY JOHNSON,

        Petitioner,

  v.

JEFFREY UTTECHT,

        Respondent.

CASE NO. 3:16-CV-05019-RBL-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

    The District Court referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254.

    Before the Court is petitioner's motion to appoint counsel. Dkt. 10. Respondent has not filed a response.

    There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

*States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner states that he cannot afford to employ an attorney. Dkt. 10. However, the Court notes that petitioner paid the $5.00 filing fee and *in forma pauperis* status has not been granted. Moreover, petitioner has not requested that he be allowed to conduct discovery in this matter nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule 6(a). In addition, the Court has not determined that an evidentiary hearing will be required, nor does it appear that one is needed at this time. *See* Rule 8(c). Petitioner also has not demonstrated that he is likely to succeed on the merits of his habeas claim. Likewise, petitioner has made numerous arguments in his petition (Dkt. 8) and memorandum in support (Dkt. 9) that suggest he is able to articulate his claims *pro se*. Accordingly, petitioner's motion to appoint counsel (Dkt. 10) is denied.

Dated this 22nd day of March, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2